# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# LAKE CHARLES DIVISION

| BEAUREGARD PARISH SCHOOL BOARD | : | DOCKET NO. 2:05 CV 1388 |
|---|---|---|
| VERSUS | : | JUDGE MINALDI |
| HONEYWELL, INC. | : | MAGISTRATE JUDGE WILSON |

## MEMORANDUM RULING

Presently before the court is Defendant's motion to quash a Rule 30(B)(6) deposition and request for protective order along with Plaintiff's motion to compel. The issues have been thoroughly briefed by counsel.

This action has its roots in a contract the parties entered into in 1996. In general, Plaintiff contends that Defendant failed to live up to its obligations under the contract in a number of respects. The motions presently before the court were precipitated by a Rule 30(B)(6) deposition notice served on Defendant in August of this year. The notice contains 90 separately numbered topics.[1] The notice prompted Defendant to file the motion to quash and the request for protective order before the court. In return Plaintiff filed the motion to compel now before us.

Defendant complains that the 30(B)(6) notice: (1) seeks information outside the scope of permissible discovery; (2) improperly seeks information related to expert opinions; (3) seeks privileged information; and (4) is unduly burdensome. In addition, the parties are unable to agree on either the proper location for the deposition or on a confidentiality agreement.

---

[1] There is a related set of interrogatories and requests for production which are the basis for the motion to compel.

In the contract Defendant obligated itself to do a number of things designed to reduce Plaintiff's energy consumption. Defendant also agreed to guarantee a certain level of savings. Plaintiff contends that Defendant failed miserably to live up to its obligations, and, in addition, contends that Defendant failed to make good on its guarantee of savings. Plaintiff's memorandum is primarily a detailed accounting of why Plaintiff believes it should prevail on the merits. Plaintiff's complaints against Defendant focus exclusively on acts and failures to act specifically related to the contract between the parties. In response to Defendant's complaints Plaintiff describes its 30(B)(6) notice as "90 finely tuned/specific 30(B)(6) deposition requests. . . ." BPSB Memorandum p. 24. These "finely tuned/specific" requests include, by way of example only, the following:

1. The identity of all school systems in the United States with whom Honeywell has entered into guaranteed-savings and/or performance-based contracts between June 1992 to August 2006.

2. The date each contract was entered into, the amount of each contract, the amount and terms of the guarantee and the length of the guarantee period.
. . . .

6. For the make and model of all the equipment installed by Honeywell at BPSB since January 1, 1996, the identity of all other locations where Honeywell has installed or used the same equipment, any problems Honeywell has encountered with that equipment at these other locations, and how that equipment has performed at these other locations.
. . . .

49. The organization of Honeywell's Home and Building Control Division, from January 1, 1995 to August 1, 2006, including but not limited to the following information:
    -the total number branches/offices
    -the locations of each branch/office
    . . .
    -for those offices/branches that had responsibility for the contract, who was oat the branch at the time the office/branch had responsibility

51. All education and training received by any Honeywell employee or

2

56. In the last ten years, all places in the world where Honeywell has agreed to perform energy management services.

57. In the last ten years, all places in the world where Honeywell has entered into performance-guarantee contracts.

58. In the last twelve years, all school systems in the world where Honeywell has agreed to perform energy management services.

59. In the last twelve years, all school systems in the world where Honeywell has entered into performance-guarantee contracts.

71. All complaints filed against Honeywell in the last ten years from a state or Federal agency tasked with enforcement of unfair trade pratices or consumer protection. This request includes, but is not limited to, complaints involving performance-guarantee contracts, energy-management contracts, installation of faulty/defective equipment, defective installation and failure to properly maintain equipment.

72. All complaints (formal and informal) made to Honeywell in the last eleven years regarding Honeywell's alleged failure to honor the guarantee requirements of a performance-guarantee contract.

F.R.C.P. 26(b)(1) provides, in part, that: "Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party. . . . " However, the court may limit discovery if it determines that "the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues." F.R.C.P. 26(b)(3). For good cause shown, the court may make any order which justice requires to protect a party from undue burden or expense. F.R.C.P. 26(c).

This court has carefully reviewed the 30(B)(6) notice and finds it grossly overbroad, and

it would clearly be unduly burdensome. For example, in response to Defendant's complaint concerning the notice's reference to other contracts and customers Plaintiff argues that it is entitled to know what adjustments to the energy baseline were made by Defendant in connection with other similar contracts. Assuming this information would be discoverable Plaintiff's notice goes far beyond what is necessary to obtain such information, and makes no effort to reasonably limit the time frame or area. In addition, the court finds that many of the items are not reasonably calculated to lead to the discovery of relevant evidence. This court declines the opportunity to modify the overbroad notice. *Tiberi v. CIGNA Ins. Co.*, 40 F.3d 110, 112 (5th Cir. 1994). The notice is quashed. Plaintiff's motion to compel is denied for the same reasons.

The court is willing to entertain a more narrowly drawn notice. If it so desires Plaintiff should submit any such revised notice to opposing counsel. If there is any objection, and the parties are unable to resolved those objections after a good faith effort then counsel for Plaintiff should initiate a telephone conference with opposing counsel and the undersigned. The parties should also make a good faith effort to agree on the form of a protective order. If unable to agree then counsel for Defendant shall initiate a telephone conference with the undersigned.

Accordingly, the motion to quash is GRANTED. The motion to compel is DENIED. The motion for a protective order is DENIED at this time reserving Defendant's right to reurge it in the event counsel is unable to agreed to the proper form.

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 6th day of November, 2006.

_____
ALONZO P. WILSON
UNITED STATES MAGISTRATE JUDGE