

**RECEIVED**
·IN LAKE CHARLES, LA

JAN - 5 2007



ROBERT M. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| BEAUREGARD PARISH SCHOOL BOARD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CASE NO.: 2:05-CV-01388-PM-APW |
| v. | ) | |
| | ) | |
| HONEYWELL INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

### *STIPULATED PROTECTIVE ORDER*

THE COURT FINDS that each of the parties to this action has agreed to entry of this Protective Order under Fed. R. Civ. P. 26(c) on the following grounds so as to preserve whatever interest that party may have in protecting its own trade secrets or confidential information.

IT IS THEREFORE ORDERED that:

1.      This Stipulated Protective Order (hereinafter "Order") is intended to govern the treatment of all information and documents within the scope of Federal Rules of Civil Procedure 26, 30, 31, 33, and 34 produced in the pretrial period of this litigation, including information and documents obtained as a result of discovery from non-parties. This Order shall remain in full force and effect until modified, superseded, or terminated by agreement of the parties hereto, or by a subsequent order of the Court.

2.      Except with the prior written consent of the party or other person originally designating a document as a confidential document, or specific information as confidential

2692636v1

information, or as hereinafter provided under this Order, no confidential document or information contained in a confidential document may be disclosed to any person. A "confidential document" is any document which at the time of production bears the legend "CONFIDENTIAL" to signify that it contains information regarding business strategy, pricing, methods of doing business, or other trade secret or confidential information considered to be of a proprietary nature by the producing party. To the extent that a former employee of a party produces documents that a party deems confidential, the party may, within ten days of production, designate as confidential any such documents by giving written notice to the other party and by providing copies of the documents stamped "CONFIDENTIAL" as provided herein. Within the ten-day period following production by the former employee, the parties shall treat all documents so produced as confidential unless there is an agreement between the parties that the documents are not confidential. For purposes of this Order, the term "document" means all written, recorded, or graphic material, whether produced or created by a party or a former employee or a party, whether produced pursuant to Federal Rule of Civil Procedure 34, subpoena, by agreement, or otherwise. Interrogatory answers, responses to requests for admission, deposition transcripts and exhibits, pleadings, motions, affidavits, and briefs that quote, summarize, or contain materials or information entitled to protection under this Order may be accorded status as a stamped confidential document, but, to the extent feasible, shall be prepared in such a manner that the confidential information is bound separately from that not entitled to protection.

3.    Notwithstanding paragraph 2,

a.    confidential documents may be disclosed to counsel for the parties in this action who are actively engaged in the conduct of this litigation; to the partners,

associates, secretaries, paralegal assistants and employees of such an attorney to the extent reasonably necessary to render professional services in this litigation and to court officials involved in this litigation (including court reporters); and to any person designated by the Court in the interest of justice, upon such terms as the Court may deem proper;

b.     Such documents may also be disclosed:

(1)     To the extent reasonably required for purposes of this litigation, to persons noticed for depositions or designated as trial witnesses and who have previously had access to such document or the designated confidential information therein;

(2)     to outside consultants or experts retained for the purpose of assisting counsel in the litigation; and

(3)     to those current employees of the parties to whom access is reasonably necessary in order to assist counsel in rendering professional services in this litigation.

4.     All persons obtaining access to confidential documents as a result of discovery or proceedings in connection with this litigation shall use the information only for preparation and trial of this litigation (including appeals and retrials), and shall not use such information for any other purpose.

5.     No person may refuse to answer any relevant question at a deposition on the sole ground that the question requires the person to reveal confidential information, if, as to such question, the deposition proceeds upon the following basis. At the deposition, counsel for the designating party shall notify all other counsel on the record that the information being sought is

designated "confidential" under this Order. Those portions of a deposition that are so designated shall be filed separately and under seal with the Court. Prior to the witness answering deposition question(s) concerning the subject as to which confidentiality is claimed, all persons present shall be advised of the terms and conditions of this Order and, at the request of the designating party, all persons not authorized to receive information under this Order shall leave the room during the time in which this material is disclosed or discussed.

6. In the event that information from a confidential document ("confidential material") is included with, or the contents thereof are in any way disclosed in, any pleading, motion, deposition, transcript, or other paper filed with the Clerk of Court, the confidential material shall be filed and maintained under seal by the Clerk until further order of the Court; provided, however, that the paper shall be furnished to the Court and attorneys for the parties, and a duplicate copy with the confidential material deleted will be placed in the public record.

7. Notwithstanding any other provision contained herein and without waiving any rights as to inadmissibility, and subject to the rules of evidence and any and all orders of the Court, a party may use stamped confidential documents for any purpose in the trial of this action, provided that counsel for the party who produced such material is given a reasonable opportunity prior to the time of such proposed use to seek a Court order protecting said material's confidential status.

8. The provisions of this order shall not terminate at the conclusion of this action. Upon final conclusion of this action (including appeals and retrials) all stamped confidential documents and all copies of them shall, upon written request, be returned to the party or person which produced such document or, at the option of the producer, destroyed.

9.     This Order initially applies to all materials and information that are identified by a party as confidential, but only if: (1) for documents – the document is marked as required in paragraph 2 above, or (2) if oral or written notice is given as provided above. If a party disagrees with the designation of information as protected, the parties shall try to resolve the dispute. If a dispute cannot be resolved, the party challenging the designation may seek relief from the Court. If the Court finds that a document or information, or particular part of a document, is not confidential, then that information and that part of the document need no longer be treated as confidential.

10.     This Order may be amended by the agreement of counsel for the parties in the form of a further stipulated protective order. In the event the parties cannot agree as to any change or amendment of this Order, then either party may move the Court, at any time, upon appropriate notice, to amend this Order.

ENTERED this _____ day of _____, 200__.

BY THE COURT

AGREED TO BY:

Dated: Dec 19 , 2006

William L. Melancon
Louisiana Bar Roll No. 22832
Melancon & Associates
900 S. College Road
Suite 300
Lafayette, LA 70503
COUNSEL FOR PLAINTIFF
BEAUREGARD PARISH SCHOOL BOARD

Dated: 1/2/2007 ,2006

2692636v1                                                        5

JOHN E. HEINRICH, T.A.
Louisiana Bar Roll No.: 18254
JAY M. JALENAK, JR.
Louisiana Bar Roll No.: 20234
TERRENCE D. McCAY
Louisiana Bar Roll No.: 26410
KEAN, MILLER, HAWTHORNE,
D'ARMOND, McCOWAN & JARMAN
One American Place, 22nd Floor
P.O. Box 3513
Baton Rouge, Louisiana 70821
Telephone: (225) 387-0999
Facsimile: (225) 388-9133

Dated: Dec /9 , 2006

_____
Steven R. Lindemann
Minnesota Bar No.: 197749
Elizabeth A. Larsen
Minnesota Bar No.: 030461X
LEONARD, STREET AND DEINARD
Professional Association
150 South Fifth Street, Suite 2300
Minneapolis, MN 55402
Telephone: (612) 335-1500
Facsimile: (612) 335-1657
COUNSEL FOR DEFENDANT
HONEYWELL INTERNATIONAL INC.