UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| BEAUREGARD PARISH SCHOOL BOARD | : | DOCKET NO. 2:05CV1388 |
|---|---|---|
| VERSUS | : | JUDGE MINALDI |
| HONEYWELL, INC, ET AL | : | MAGISTRATE JUDGE WILSON |

### MEMORANDUM RULING

Once again this court is faced with claims that Plaintiff has failed to comply with its discovery obligations. Specifically at issue here is whether Plaintiff should be allowed to call Mr. Van Deventer as an expert witness. Before addressing this specific issue a review of some of the problems encountered to date is necessary to place the present dispute in the proper context.

On 8/24/06 this case was refixed for trial, at the request of the parties, for 4/23/07. The deadline for Plaintiff's expert reports was fixed for 12/26/06. When Plaintiff failed to produce a report in conformity with Rule 26 it was allowed until 2/26/07 to provide a supplemental report to provide the information required by Rule 26 including "the data or other information considered by the witness" in forming his opinions, as the court had previously ordered. Plaintiff provided a supplemental report a day after the deadline. The report did not comply with the requirements of Rule 26. It was not even signed and it did not even identify the expert that was to testify. Even more significantly, the report did not include the underlying data considered by the witness. Defendant moved to strike the expert. Following a telephone conference this motion was denied. Instead the undersigned was ordered to make its expert available for a

deposition and the expert was to bring his entire file "as well as all information he reviewed or relied on in forming his opinions" in his possession or control.  Today the court has conducted another discovery conference to address information that was not provided at Mr. Blanchette's deposition.  For example, it was disclosed (apparently for the first time) that Mr. Blanchette has subcontracted with a company called Abraxas to do an computer analysis based on electronic data furnished by Plaintiff and that Abraxas has provided a report as well a electronic files containing information related to its analysis.  Despite the fact that this court had specifically ordered that Mr. Blanchette bring a laptop computer will all electronic data this information was not available at the deposition.

During a telephone conference on 4/10/07, counsel for Plaintiff, for the first time, indicated that he wished to add Mr. Van Deventer as an expert witness.  This was well past the deadline for identifying expert witnesses.  Counsel was advised that the court would not consider allowing Mr. Van Deventer to be added out of time unless and until a report fully complying with Rule 26 was provided to opposing counsel.  When counsel for Plaintiff mentioned that he intended to "cut and paste" Mr. Van Deventer's report from Mr. Blanchette's report he was informed that the court would not consider that as complying with the requirements of Rule 26.

Argument was heard this date related to whether Mr. Van Deventer should be allowed to testify as an expert.  A copy of his report has been provided to the court.  Once again it fails to meet the requirements of Rule 26.  Further, the report is a verbatim copy of pieces of Mr. Blanchette's report with the exception of the opening ½ page.  The report makes references to attachments but none are attached.  For example, on page 4 of the second section of the report there is a reference to an "attached response to SETI."  No such response is attached.  Counsel

argues that the document was attached to Mr. Blanchette's report, but it was not attached to Mr. Van Deventer's report and there is no way to identify the report as being the same one referred to by Mr. Blanchette. Obviously, this "confusion" results from the fact that Plaintiff, despite the court's instructions, constructed Mr. Van Deventer's report by simply cutting and pasting portions of Mr. Blanchette's report.

Plaintiff's failure to follow the requirements of the rules of civil procedure and failure to follow the orders of this court has been a significant impediment to the timely and efficient  unnecessary delay the request to add Mr. Van Deventer as an expert witness is denied. He will not be allowed to testify as an expert in this case.

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 23rd day of April, 2007.

_____
ALONZO P. WILSON
UNITED STATES MAGISTRATE JUDGE