RECEIVED
IN LAKE CHARLES, LA
MAR 1 9 2008
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| BEAUREGARD PARISH SCHOOL BOARD | : | DOCKET NO. 2:05 CV 1388 |
| VS. | : | JUDGE MINALDI |
| HONEYWELL INC. | : | MAGISTRATE JUDGE KAY |

## MEMORANDUM RULING

Before the court is a Motion For Reconsideration and Request For the Court to Accept a Memorandum That Complies With the Court's 25-Page Limitation, [doc. 121], filed by the plaintiff, Beauregard Parish School Board (hereinafter "BPSB"). Honeywell, Inc. (hereinafter "Honeywell") filed an Opposition [doc. 124]. BPSB filed a Reply [doc. 129]. BPSB requests that this Court reconsider its February 28, 2008 decision that exercised its discretion to decline consideration of BPSB's untimely Opposition to Honeywell's Motion to Exclude Expert Testimony of Lawrence W. Blanchette [doc. 112]. The February 28 Memorandum Order discusses the facts underlying the dispute in this Motion.[1]

Honeywell filed its *Daubert* Motion on February 7, and filed Exhibits 23-30 the following morning, on February 8.[2] On February 8, the Clerk's Office issued a Notice of Motion Setting that listed Honeywell's *Daubert* Motion as being filed on February 7, and stated that

---

[1] *See* Mem. Order (Feb. 28, 2008) [doc. 120].

[2] *See* docs. 112, 113.

1

"responses to said motion are due within fifteen calendar days after service of the motion."[3] Fifteen (15) days from February 7 was Friday, February 22. BPSB argues that Honeywell's delayed filing of some exhibits pushed back the filing date to February 8, which made the deadline Saturday, February 23. BPSB argues that pursuant to FED. R. CIV. P. 6(1)(3), if the deadline for filing a brief falls on a Saturday, Sunday, or legal holiday, the deadline moves to the next business day. Thus, BPSB argues that the deadline was actually Monday, February 25.

Honeywell's filing of the remainder of its exhibits the following day does not alter the submission date for BPSB's Opposition. Even assuming that Honeywell's untimely filed exhibits did push back the submission date for BPSB's Opposition by one day, the deadline would nonetheless be Saturday, February 23. Regardless of the Federal Rules and the Local Rules, the Notice of Motion Setting issued for Honeywell's *Daubert* Motion makes it clear that this Court counts calendar days and not business days in calculating submission deadlines.[4] Thus, the latest possible submission date was Saturday, February 23. Moreover, the fact that BPSB's counsel, Mr. Melancon, called this Court to request an extension from Friday, February 22 to Saturday, February 23 indicates that he was aware that his deadline was indeed Friday, February 22. Thus, Mr. Melancon's argument that his brief was timely filed is unavailing.

As stated in the Court's February 8 Notice of Motion Setting, "[r]esponses not timely

---

[3] Notice of Motion Setting (Feb. 8, 2008) [doc. 122].

[4] BPSB filed this suit on July 28, 2005, and this Court has ruled on several motions with deadlines that were set using the same calendar method as was used for Honeywell's *Daubert* Motion. These motions were set with a Notice of Motion setting, which appears in the docket and specifically refers to "calendar days" as determining the submission date. By now, both parties should be well aware that this Court departs from the Federal and Local Rules in determining submission dates by using a calendar method.

2

filed may not be considered by the Court."[5]  Moreover, pursuant to FED. R. CIV. P. 6(b), judges have the discretion to grant leave to file an untimely brief.  Thus, this Court is well within its discretion to decline to consider BPSB's Opposition.  Moreover, Honeywell has submitted the deposition testimony and expert report of Mr. Blanchette, BPSB's proposed expert witness, so the Court finds that it has sufficient materials with which to decide Honeywell's *Daubert* Motion.

BPSB also argues that CM/ECF gave it technical problems when it tried to file on Saturday, February 23.  BPSB also argues that pursuant to LR 7.7.11W, "[a] user whose electronic filing is made impossible as the result of a technical failure in the Court's Web Site may seek appropriate relief."  The first indication of any attempt to file occurred on Sunday, February 24.[6]  As discussed in the February 28 Memorandum Order, even if the system prohibited Mr. Melancon from filing his Opposition on February 23, Mr. Melancon should have telephoned opposing counsel,[7] and faxed a copy of his Opposition to opposing counsel and the Court with a letter explaining the problem.  Furthermore, Mr. Melancon does not explain why Blanchette's affidavit is dated Monday, February 25 if he had tried to file all of these documents on Saturday, February 23.  Instead, Mr. Melancon waited two days to take any remedial action, including contacting the Court or opposing counsel.

BPSB raises several arguments in its Reply Memorandum.  First, BPSB argues that this

---

[5] Notice of Motion Setting (Feb. 8, 2008) [doc. 114].

[6] Pl.'s Ex. 7 (Feb. 24, 2008) [doc. 121].

[7] Mr. Lindemann, Honeywell's counsel, indicates that Mr. Melancon has his cell phone number, and has previously contacted him on that number.

Court ruled on February 28, 2008 without allowing BPSB to present any argument. This is incorrect. The February 28 Memorandum Order was in response to BPSB's Motion for Leave to File Response Memorandum in Excess of Page Limitations, [doc. 115], and, as discussed above, this Court exercised its discretion to decline consideration of an untimely filed brief. BPSB also argues that Honeywell has a long history of making unsupportable allegations, misrepresenting facts, and multiplying court proceedings, and proffers almost two pages of examples. These discovery disputes were either already resolved by former Magistrate Judge Wilson, or are pending before Magistrate Judge Kay in BPSB's Motion for Sanctions, and are thus not appropriate for this Court to consider.

BPSB also argues that Honeywell failed to show how it was prejudiced by a 39-page memorandum or by an alternative 25-page memorandum. Honeywell need not demonstrate prejudice for this Court to decline consideration of an untimely filed brief; the Notice of Motion Setting states, "[r]esponses not timely filed may not be considered by the Court."[8] BPSB also argues that Honeywell makes numerous, unsupported allegations, such as "if the Court had not rejected BPSB's untimely, overlength filing, Honeywell would have moved to strike because the contents are improper." This argument is irrelevant because BPSB's Opposition was not timely filed and thus this Court was well within its discretion not to consider BPSB's brief.

Lastly, BPSB argues that this Court is somehow invoking its inherent authority to sanction BPSB and strike its *Daubert* Opposition, which is impermissible given a district court's limited ability to sanction. Refusing to consider a brief that does not comport with this Court's deadlines is not a sanction. The efficiency of our legal system depends on compliance with rules

---

[8] Notice of Motion Setting (Feb. 8, 2008) [doc. 114]; *see also* FED. R. CIV. P. 6(b).

and deadlines. When parties depart from deadlines, they must file for leave of court, and such departures are governed by the judge's discretion. FED. R. CIV. P. 6(b). Moreover, the Notice of Motion Setting for the *Daubert* Motion states, "[r]esponses not timely filed may not be considered by the Court."[9] Exercising the discretion to not consider an untimely filed response is simply not a sanction.[10] Had BPSB complied with the rules and deadlines governing the submission of its response, this Court would have gladly considered its Opposition.

This Court would have been inclined to consider an Opposition that was untimely filed on the CM/ECF system had BPSB made good faith efforts to comply with the spirit of the deadline by promptly contacting opposing counsel and the Court on Saturday, and submitting copies of his Opposition via facsimile by the 5 p.m. deadline. As it is, there was no contact with the Court or opposing counsel until Monday, February 25, one of BPSB's affidavits was not signed until February 25, and the proposed Opposition with the Motion for Leave to File Page Extension was not attached to BPSB's February 24 filing; accordingly,

IT IS ORDERED that the Motion for Reconsideration, [doc. 121], filed by BPSB, is hereby DENIED.

Lake Charles, Louisiana, this 19 day of March, 2008.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE

---

[9] Notice of Motion Setting (Feb. 8, 2008) [doc. 114].

[10] BPSB states that this Court's decision not to consider its untimely filed Opposition "demonstrates that the Court's real intent is to dismiss BPSB's lawsuit in stages." BPSB Reply, at 9-10 [doc. 129]. This Court's intent is to resolve all pending motions in an expeditious fashion so this case can proceed to the two-week trial scheduled for June 16, 2008.