U. S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - LAKE CHARLES

AUG 2 8 2008

ROBERT H. SHEMWELL, CLERK
BY _____
         DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| BEAUREGARD PARISH SCHOOL BOARD | : | DOCKET NO. 2:05 CV 1388 |
| VS. | : | JUDGE MINALDI |
| HONEYWELL INC. | : | MAGISTRATE JUDGE KAY |

## MEMORANDUM RULING

Before the Court is a Motion for An Award of Attorney's Fees as Prevailing Party on LUTPA claim, [doc. 150], filed by the defendant Honeywell Inc. (hereinafter "Honeywell"). Beauregard Parish School Board (hereinafter "BPSB") filed an Opposition [doc. 154]. Honeywell filed a Reply [doc. 157].

## FACTS

The relevant background of this case is discussed at length in the Memorandum Ruling granting partial summary judgment in favor of Honeywell.[1] This Court dismissed BPSB's Louisiana Unfair Trade Practices Act (hereinafter "LUTPA") claim in the September 24, 2007 Memorandum Ruling as a matter of law because BPSB is not Honeywell's competitor.[2] At issue in this motion is whether Honeywell can recover attorney's fees for defending against BPSB's LUTPA claim. Honeywell seeks $324,059 in attorney's fees.

---

[1] Mem. Ruling (Sept. 24, 2007) [doc. 95].

[2] *Id.*

1

## LAW

"Upon a finding by the court that an action [under LUTPA] was groundless and brought in bad faith or for purposes of harassment, the court may award to the defendant reasonable attorney's fees and costs." La. Rev. Stat. Ann. § 51:1409. The defendant must demonstrate by a preponderance of the evidence that the suit was brought in bad faith or to harass to recover attorney's fees. *Hill Wholesale Distrib. Co., Inc. v. Louis. W. Howat & Son*, No. 27936 (La. App. 2d Cir. 01/24/1996); 666 So.2d 1252, 1254-55 (noting that whether to award attorney's fees is discretionary). "LUTPA Section 1409 is a penal provision and is thus subject to reasonably strict construction." *The Delta Western Group, L.L.C. v. Ruth U. Fertel, Inc.*, 2001 WL 576188, *2 (E.D. La. 05/25/2001). Moreover, the standards for "bad faith" are "stringent." *Id.*

In *Samuels v. Fox*, the federal district court granted summary judgment in favor of the defendant, finding that as a matter of law, a plaintiff employee could not bring a LUTPA suit against a former employer. 2000 WL 1059822, *2-3 (E.D. La. 07/31/2000). Even though only consumers or business competitors may bring suit pursuant to LUTPA, the court found that the former employee's suit was not groundless because of LUTPA's "wide range of practices which could violate [LUTPA] and the less than specific definition of who is afforded a private right of action." *Id.*; *see also Spillway Investments, L.L.C. v. Pilot Travel Centers, L.L.C.*, 2006 WL 2524163, *1 (E.D. 08/28/2006).

## ARGUMENT

Honeywell argues that BPSB's LUTPA claim was groundless because it was dismissed in a summary judgment ruling. Honeywell also asserts that BPSB's LUTPA claim was in bad faith and/or harassing. To support its case, Honeywell argues that BPSB's claim consultant, Dr.

Edward Zuber,[3] concocted a scheme to "disregard the contract and inflate the damages as much as possible."[4] Dr. Zuber promised to get BPSB its money back.[5] In his assessment of BPSB's claim, Dr. Zuber stated that "it would serve you well to understand that the reports and the agreement are nothing more than random parts in a shell game," and "this is no different now than a high stakes poker game."[6]

Honeywell argues that BPSB acted in bad faith and/or to harass by canceling a mediation and never rescheduling, and providing a "shockingly broad and incredibly burdensome Rule 30(b)(6) deposition notice," which BPSB argued was justified due to its LUTPA claim.[7] Furthermore, in support of its discovery request, BPSB stated that damages could reach $20 million, an assertion that Honeywell argues also demonstrates bad faith because it was made prior to BPSB retaining an expert to calculate damages. Honeywell also argues that BPSB acted in bad faith and/or to harass by hiring Lawrence Blanchette as an expert who could help them reach their goal of $20 million in damages.[8] Mr. Blanchette, in part, relied on an analysis

---

[3] BPSB agreed to pay Dr. Zuber 15% of any recovery. Def.'s Ex. 1.

[4] Def.'s Mem. in Support of Mot. for Attorney's Fees, at 3.

[5] Def.'s Ex. 6. Dr. Zuber told BPSB that he had "ins with some of the manufacturers." *Id.*

[6] Def.'s Ex. 7, pp. 1, 5.

[7] Def.'s Mem. in Support of Mot. for Attorney's Fees, at 5. Magistrate Judge Wilson quashed BPSB's request, a ruling this Court affirmed. Mem. Ruling (Nov. 6, 2007) [doc. 32]; Mem. Ruling (Feb. 12, 2007) [doc. 47].

[8] Def.'s Mem. in Support of Mot. for Attorney's Fees [doc. 150], at 7-8. This Court granted Honeywell's *Daubert* Motion to Exclude Mr. Blanchette's testimony. Mem. Ruling (March 24, 2008) [doc. 134].

performed by a BPSB employee who made handwritten notes stating "[w]e need a lower # of usage!"[9]

BPSB argues that its suit was neither groundless nor brought in bad faith and/or to harass. BPSB argues that the Louisiana Attorney General put Honeywell on notice that it was in violation of LUTPA, which defeats Honeywell's assertion that the suit is groundless.[10] BPSB also notes that this Court dismissed BPSB's breach of contract claim "primarily on procedural grounds."[11] BPSB also argues that Honeywell failed to provide evidence of BPSB's bad faith, and that BPSB dismissed Dr. Zuber in June 2003 after finding that his allegations were untenable.

In Reply, Honeywell notes that BPSB worked with Dr. Zuber until early 2004.[12] Honeywell also states that BPSB's District Attorney declined to prosecute the suit, and informed Dr. Zuber that his analysis of training statements was wrong and that BPSB could not show a demonstrated loss.[13] Honeywell also presents evidence that eight years earlier, BPSB retained Dr. Zuber to help with contractor selection and negotiation, and that Dr. Zuber's contract was terminated for not negotiating in good faith with Honeywell.[14]

---

[9] Def.'s Mem. in Support of Mot. to Exclude Expert [doc. 112], p. 7.

[10] Pl.'s Ex. 1.

[11] Pl.'s Mem. in Opposition of Def.'s Mot. to Exclude Expert [doc. 154], at 4

[12] Def.'s Reply Mem. in Support of Mot. for Attorney's Fees [doc. 157], at 2-5.

[13] *Id.* at 3.

[14] *Id.* at 5.

## ANALYSIS

At the outset, this Court observes that BPSB makes several misrepresentations to the Court in its memorandum. First, BPSB boldly misrepresents the contents of the Attorney General's Notice. The notice does not state that Honeywell is in violation of LUTPA; rather, it merely informs Honeywell that BPSB asserted a LUTPA claim against Honeywell. Pl.'s Ex. 1 (stating that "[t]his office has not investigated this matter and makes no determination as to the merits thereof"). Moreover, BPSB mischaracterizes this Court's own May 28, 2008 Ruling. BPSB's contract claim was not dismissed on procedural grounds. This Court granted summary judgment in favor of Honeywell because BPSB had no competent summary judgment evidence on damages relating to the contract's energy savings guarantee, Honeywell's alleged bad faith, and its assertion that the lighting retrofit was improperly installed. Mem. Ruling (May 28, 2008) [doc. 148]. Lastly, Honeywell has presented evidence of correspondence between Dr. Zuber and BPSB well into 2004–long after June 2003, which is when BPSB claims it ended the professional relationship due to Dr. Zuber's unsupported allegations and "untenable" comments.

Despite BPSB's multiple misrepresentations and questionable judgment in continuing to employ Dr. Zuber after his unprofessional comments and obvious bias against Honeywell, this Court does not find that attorney's fees are warranted. A LUTPA suit is not automatically groundless merely because it is dismissed. Like in *Samuels*, this Court granted summary judgment in favor of Honeywell on BPSB's LUTPA case as a matter of law because BPSB is not a business competitor of Honeywell. As other courts have recognized, LUTPA is a vague and broad statute that encompasses a wide range of practices. Therefore, even though BPSB's LUTPA claim was dismissed as a matter of law, this Court cannot say the suit was "groundless"

as required by La. Rev. Stat. Ann. § 51:1409 to recover attorney's fees. Because the first step to recovering attorney's fees pursuant to La. Rev. Stat. Ann. § 51:1409 is to demonstrate the LUTPA suit was groundless, this Court need not reach whether the LUTPA claim was brought in bad faith or to harass; accordingly,

IT IS ORDERED that Honeywell's Motion for An Award of Attorney's Fees as Prevailing Party on LUTPA claim [doc. 150] is hereby DENIED.

Lake Charles, Louisiana, this 26 day of Aug, 2008.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE